**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4105-17T2

J.C.C.,

    Plaintiff-Respondent,

v.

S.L.D.,

    Defendant-Appellant.

_____

Submitted May 14, 2019 – Decided June 28, 2019

Before Judges Gilson and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FD-05-0195-05.

Adinolfi, Molotsky, Burick & Falkenstein, PA, attorneys for appellant (Drew A. Molotsky, on the briefs).

Puff & Cockerill LLC, attorneys for respondent (Christine C. Cockerill, on the brief).

PER CURIAM

In this non-dissolution matter,[1] defendant appeals from an April 17, 2018 Family Part order denying reconsideration of a November 14, 2017 order, which amended the parties' weekly parenting time schedule with respect to their now fifteen-year old daughter, K.B.D. (Kathleen).[2] We affirm in part, and remand in part to permit the court to resolve two requests for relief not addressed by the court in its April 17, 2018 order.

Soon after Kathleen's birth, and for much of her life, the parties have engaged in contentious motion practice resulting in over twenty orders addressing paternity, custody, parenting time, and child support issues. The April 17, 2018 order under review has its genesis in a June 24, 2015 application filed by defendant where she, and her husband, sought to relocate with Kathleen to South Carolina. Plaintiff opposed the June 24, 2015 application, and sought the following relief by way of a July 20, 2015 cross-motion: 1) to be declared the parent of primary residence; 2) the entry of an amended parenting time schedule in the event defendant relocated outside of New Jersey; 3) enforcement

---

[1] The non-dissolution or FD docket provides a mechanism for parents not married to each other or not seeking a divorce to address custody, parenting time, paternity, and child support. R.K. v. D.L., 434 N.J. Super. 113, 131 (App. Div. 2014).

[2] We employ a pseudonym for K.B.D., and initials for plaintiff and defendant, to protect their privacy.

A-4105-17T2

of the court's prior orders regarding pick up/drop off of Kathleen at school, and to prevent defendant from interfering with his parenting time; 4) authorizing plaintiff's wife and extended family to pick up Kathleen from school; 5) requiring defendant to pay her share of Kathleen's medical and dental expenses through the probation department; and 6) counsel fees.

The court conducted an eleven-day plenary hearing from February 2016 to November 2016, which addressed the relocation, custody, parenting time, and other issues raised by the parties' motion papers.[3]  In addition, on January 31, 2017, the court conducted an extensive interview of Kathleen.  The court issued three orders, dated June 28, 2017, August 16, 2017, and November 14, 2017, all accompanied by comprehensive written statements of reasons, which resolved all issues raised by the parties' June 24, 2015 and July 20, 2015 applications.

The court's June 28, 2017 order denied defendant's application to remove Kathleen to South Carolina.  The court also denied without prejudice plaintiff's request to be appointed Kathleen's parent of primary residence.  In the event, however, defendant elected to relocate to South Carolina without Kathleen, the June 28, 2017 order provided that plaintiff would then be designated Kathleen's primary residential custodian.

---

[3] The parties have not included any of the transcripts from the plenary hearing.

In its accompanying written decision, the motion judge exhaustively addressed all the evidence elicited at the plenary hearing, and concluded it would be contrary to Kathleen's best interests to relocate to South Carolina. In reaching its decision, the court made specific, adverse credibility findings against defendant. Indeed, the court stated it was "repeatedly[] struck by the impression that [d]efendant's desire to remove [Kathleen] [was] either pretextual or malicious," as if it was part of a "longstanding goal of diminishing the existence of [p]laintiff in [Kathleen's] and her life."

The court continued by characterizing defendant's demeanor as "concerning," and commented that defendant's tone during the plenary hearing was "insincere . . . as if feigning kindness . . . ." The court noted that she was hesitant to respond to certain questions, declined to answer others because she did not recall, "was uncertain at conspicuously convenient times, and regularly hesitated and pushed back on . . . unfavorable questions . . . ." Finally, the court noted that defendant "frequently diverted her answers by injecting vitriolic anecdotes about past incidents and . . . brazenly expressed disdain toward [the] court's . . . parenting time orders and the intent underlying them, instead vying to minimize [p]laintiff's parenting time" with Kathleen.

A-4105-17T2

The court concluded that it was "unable to ignore the apparent agenda underlying . . . [d]efendant's demeanor" because it created "a serious and legitimate concern about the continued sustenance of the relationship with [Kathleen] and [p]laintiff if the child is removed to South Carolina." Accordingly, the court determined:

> In light of the extensive testimony offered during this litigation, there has been what appears to be an unequivocal pattern of attempts to alienate [p]laintiff from [Kathleen's] life, dating as far back as the child's birth. From [the] court's perspective, the best interest of [Kathleen] and her continued relationships and interactions with both of her parents, regardless of their ambivalence toward one another, is the guiding principle at the core of this decision.

In an August 16, 2017 order and written statement of reasons, the court again denied plaintiff's request to be designated parent of primary residence. The court also ordered: 1) that "either party may designate an appropriate individual to transport" Kathleen during parenting time, and permitted plaintiff's wife to pick up Kathleen during plaintiff's parenting time; 2) defendant to pay her portion of Kathleen's orthodontia bill, in accordance with a prior court order; and 3) the parties not to interfere with the other parent's court-ordered parenting time. The court also denied the parties' requests for attorney's fees.

A-4105-17T2

Finally, in a November 14, 2017 order and accompanying written decision, the court set forth a revised parenting time schedule. According to that order, plaintiff would continue to exercise co-equal parenting time, consistent with the parties' recent practice. Specifically, plaintiff was permitted to exercise parenting time weekly with Kathleen on Wednesdays and Thursdays, and defendant would exercise her parenting time every Monday and Tuesday. The November 14, 2017 parenting time order permitted overnights, and directed that Kathleen would spend alternate weekends with plaintiff and defendant.

The court explained that the parenting time schedule was identical to the schedule followed by the parties for over a year.[4] The court also reasoned that "in examining the record in this matter, the [c]ourt perceives no valid reason not to grant [p]laintiff's request, especially because having the two overnights consecutively will limit the back and forth of [Kathleen], . . . limit communication" and "disagreement between the parties, or failure to abide by the [c]ourt['s] [o]rder."

_____

[4] The schedule followed in practice by the parties was different from the terms of the court's October 24, 2014 order, which provided that "[p]laintiff shall have overnights on . . . Tuesdays and Thursdays, or another two (2) consecutive days that both parties agree to, of the week that he does not have weekend parenting time." Plaintiff contended that defendant abruptly changed the parties' practice and only started following the terms of the October 24, 2014 order after conferring with counsel.

A-4105-17T2

Defendant filed a timely pro se motion for reconsideration on December 4, 2017, which primarily challenged the parenting time decision memorialized in the court's November 14, 2017 order. Defendant, however, also checked off boxes on the application in which she requested to modify a June 19, 2012 order, which required plaintiff to provide defendant with duplicate medical, dental, and prescription cards for Kathleen, and for defendant to submit unreimbursed medical bills to plaintiff's counsel on a bi-yearly basis. Defendant also requested that Kathleen "come home while [her] father is at work" and "at night before school," and that Kathleen be able to "get[] her medication without any issues." Finally, she sought an increase in child support. In support of the application, defendant appended an eleven-page handwritten document.

In an order filed on April 17, 2018, the court denied defendant's motion for reconsideration without oral argument.[5] The court denied the application after "having considered the prior sworn testimony of both parties" and because

---

[5] The April 17, 2018 order was signed by the court on December 11, 2017. There is no explanation in the record for the approximate four-month delay in filing the court's order. It is undisputed, however, that all parties received the April 17, 2018 order on April 18, 2018, when in court on a separate application, and although a court's order should be filed promptly, see e.g., Rule 4:46-2(c) (mandating that summary judgment orders be "rendered forthwith"), we discern no prejudice by the court's unexplained delay in filing the order under review.

A-4105-17T2

defendant failed "to demonstrate that the [c]ourt's decision was palpably incorrect or irrational pursuant to [Rule] 4:49-2." This appeal followed.

On appeal, defendant claims that her December 4, 2017 application "was improperly denied without hearing or[al] argument, thereby denying [her] due process of law." She also maintains that the court's November 14, 2017 order "sua sponte . . . modified the parenting time schedule to a fully equal schedule, thereby unilaterally changing . . . [d]efendant's primary residential custody to a true shared custodial arrangement." Defendant also alleges that her December 4, 2017 motion, in addition to seeking reconsideration of the November 14, 2017 order, also sought other relief unaddressed by the court. We disagree with all of defendant's arguments to the extent they challenge the court's April 17, 2018 order. We issue a limited remand, however, for the court to resolve two outstanding issues raised by defendant in her December 4, 2017 application.

We disagree with defendant's initial claim that the court committed error and violated her due process rights when it denied reconsideration without conducting oral argument. We acknowledge that litigants should be permitted oral argument of motions other than calendar matters and routine discovery applications when requested "as a matter both of due process and the appearance of due process." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997);

8

see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 5:5-4 (2019) ("[T]here is a strong presumption favoring argument of motions other than calendar matters and routine discovery applications.").

To that end, Rule 5:5-4(a) expressly provides:

> Motions in family actions shall be governed by [Rule] 1:6-2(b) except that, in exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.

"The discretion afforded by Rule 5:5-4(a) is designed to give the judge 'the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (alteration in original) (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)). "In short, it is the sole purpose of these rules to dispense with what is regarded as unnecessary or unproductive advocacy." Ibid. (quoting Fusco, 186 N.J. Super. at 328-29).

However, a judge's inquiry does not end simply because the "nature of an issue presented can be labeled as pertaining to a substantive issue" or when "the parties do not agree on all facts." Id. at 286. "Other circumstances, such as the

sufficiency of the supporting facts alleged are also relevant to the exercise of discretion," especially "in the case of motions that seek a modification of financial obligations or reconsideration of a prior order because the movant must satisfy certain requirements before these motions are ripe for decision by the court." Ibid. "When the record presented to the court in support of a motion is deficient on its face to satisfy such requirement, oral argument does not afford litigants an opportunity to cure such evidentiary deficiencies." Ibid.

In accordance with Palombi, we conclude the court properly exercised its discretion in denying oral argument. It is clear from the court's November 14, 2017, June 28, 2017, and August 16, 2017 written statements of reasons that the court was familiar with the issues raised by defendant's reconsideration application, having recently completed an eleven-day plenary hearing, which included considering the testimony of multiple witnesses, and conducting an interview of Kathleen. Moreover, defendant's reconsideration application was supported by a handwritten letter that contained nothing more than a self-serving narrative of the origins of the parties' acrimonious relationship. Under these circumstances, oral argument would have been nothing more than "unnecessary or unproductive advocacy." See Palombi, 414 N.J. Super. at 285 (quoting Fusco, 186 N.J. Super. at 328-29).

Further, defendant's application failed to comply with Rule 4:49-2 as it did not set forth "a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." Rather, the application was an improper attempt to reargue matters resolved by the court's November 14, 2017 decision and order, and which were the subject of extensive testimony during the plenary hearing.

We also disagree with defendant's substantive argument that the court committed error in denying the motion for reconsideration. We first note that defendant appeals only from the April 17, 2018 order, and not the November 14, 2017, June 28, 2017, or August 16, 2017 orders. See Fusco v. Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div. 2002) (explaining that this court only considers judgments and orders listed in a notice of appeal).

Reconsideration is a matter within the sound discretion of the trial court, which we review for abuse of discretion. See Palombi, 414 N.J. Super. at 288-89. "Motions for reconsideration are granted only under very narrow circumstances . . . ." Fusco, 349 N.J. Super. at 462. As such, reconsideration should be used only for those cases where "either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the

significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)); see R. 4:49-2.

Based upon our review of the record, it is clear that the motion judge did not base her decision upon a palpably incorrect or irrational basis, or fail to consider probative, competent evidence. The court's decision to modify the parties' parenting time arrangement was the subject of testimony at the plenary hearing, consistent with the parties' prior practice, and grounded in Kathleen's best interests, as clearly indicated in the court's November 14, 2017 statement of reasons. Accordingly, we conclude defendant failed to demonstrate the motion judge abused her discretion in denying the motion for reconsideration.

However, while a second motion judge granted plaintiff's application for a reduction of child support in a May 3, 2018 order, and the court's November 14, 2017 order establishing the parties' parenting time schedule addressed defendant's request that Kathleen "come home while father is at work" and "at night before school," it does not appear that the court resolved defendant's request contained in her December 4, 2017 application for modification of the June 19, 2012 order, or her request that plaintiff ensure Kathleen receives her medication "without any issues." Accordingly, the court should address these outstanding matters on remand.

To the extent we have not specifically addressed any of defendant's remaining contentions, it is because we find they have insufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4105-17T2